IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Carolyn Soliday,                    )
                                    )  Case No. 1:04-CV-350
                    Plaintiff,      )
                                    )
        vs.                         )
                                    )
Fluor Fernald, Inc.,                )
                                    )
                    Defendant.      )


Memorandum and Order


Plaintiff Soliday initiated this action after Defendant terminated her employment in a reduction in force ("RIF") in July 2003. She asserts claims of age, sex, and benefits eligibility discrimination under state and federal law and a claim for wrongful discharge in violation of Ohio public policy. This matter is now before the Court upon Defendant's motion for summary judgment with respect to all of Plaintiff's claims (Doc. 15).


A.  Background


The parties are in substantial agreement with respect to the facts underlying this action. Plaintiff was a long-term employee of Defendant at the time of the July 2003 RIF that resulted in the termination of her employment. Defendant was, at the time of that RIF, engaged in a multi-year process of closing down the Fernald site. That process

involved numerous RIFs, each of which was designed to eliminate employees who would not be required in the ongoing closing process.  Defendant engaged an outside entity for the design of the process for selecting employees for the RIFs.  Defendant's employees implemented that process and engaged in the evaluation of employees in various classifications that resulted in selections.  At the time of the July 2003 RIF, Plaintiff had reached the age of 52.  She was neither the youngest nor the oldest employee in her classification, which included nine women and one man.  She was three years from attaining eligibility for early retirement benefits.  The RIF resulted in the elimination of only Plaintiff from her classification.  She had scored lowest among the ten employees in her classification in the evaluation designed by the outside contractor and performed by three of Defendant's employees.

Plaintiff alleges age discrimination on the basis of the fact that some of the retained employees were significantly younger then she was.  She alleges sex discrimination on the basis of the fact that the only male employee in her classification was retained.  She alleges benefits eligibility discrimination under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1140, on the basis of the fact that she would have become eligible for early retirement benefits approximately three years after the termination of her employment.  The public policies underlying the common law claim she asserts are those embodied in the statutes upon which her other claims are based.

Defendant seeks summary judgment with respect to each of Plaintiff's claims.  It contends that Plaintiff cannot establish *prima facie* cases of discrimination on the bases of age, sex, and benefits eligibility.  It contends that Plaintiff cannot establish liability under common law on the bases asserted, both as a matter of law and because she cannot demonstrate that the public policies underlying the statutes were jeopardized by any action of Defendant.

B.  The Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The evidence presented on a motion for summary judgment is construed in the light most favorable to the non-moving party, who is given the benefit of all favorable inferences that can be drawn therefrom.  United States v. Diebold, Inc., 369 U.S. 654 (1962).  "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)(emphasis in original).

The Court will not grant summary judgment unless it is clear that a trial is unnecessary.  The threshold inquiry to determine whether there is a need for trial is whether "there are any genuine factual issues that properly can be resolved only by a

3

finder of fact because they may reasonably be resolved in favor of either party."
Anderson, 477 U.S. at 250.  There is no issue for trial unless there is sufficient evidence
favoring the non-moving party for a jury to return a verdict for that party.  Id.

        The fact that the weight of the evidence favors the moving party does not
authorize a court to grant summary judgment.  Poller v. Columbia Broadcasting System,
Inc., 368 U.S. 464, 472 (1962).  "[T]he issue of material fact required by Rule 56(c) . . . to
entitle a party to proceed to trial is not required to be resolved conclusively in favor of the
party asserting its existence; rather, all that is required is that sufficient evidence
supporting the claimed factual dispute be shown to require a jury or a judge to resolve the
parties' differing versions of the truth at trial."  First National Bank v. Cities Service Co.,
391 U.S. 253, 288-89 (1968).

        Moreover, although summary judgment must be used with extreme caution
since it operates to deny a litigant his day in court, Smith v. Hudson, 600 F.2d 60, 63 (6th
Cir.), cert. dismissed, 444 U.S. 986 (1979), the United States Supreme Court has stated
that the "[s]ummary judgment procedure is properly regarded not as a disfavored
procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which
are designed to 'secure the just, speedy and inexpensive determination of every action.'"
Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).  According to the Supreme Court, the
standard for granting summary judgment mirrors the standard for a directed verdict, and
thus summary judgment is appropriate if the moving party establishes that there is

insufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  Id. at 323; Anderson, 477 U.S. at 250.

Accordingly, summary judgment is clearly proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which that party will bear the burden of proof at trial."  Celotex Corp., 477 U.S. at 322.  Significantly, the Supreme Court also instructs that the "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion" against a party who fails to make that showing with significantly probative evidence.  Id.; Anderson, 477 U.S. at 250.  Rule 56(e) requires the non-moving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial."  Id.

Further, there is no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or similar materials negating the opponent's claim.  Id.  Rule 56(a) and (b) provide that parties may move for summary judgment "with or without supporting affidavits."  Accordingly, where the non-moving party will bear the burden of proof at trial on a dispositive issue, summary judgment may be appropriate based solely on the pleadings, depositions, answers to interrogatories, and admissions on file.

C. Analysis

1. Age and Sex Discrimination

The parties agree that their dispute centers around the fourth element of the *prima facie* case of age and sex discrimination in a RIF context.  Plaintiff has not identified direct evidence of age or sex-related bias in the selection process.  Accordingly, she must establish her claim, if at all, on the basis of circumstantial evidence under the burden-shifting model first articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).  The order, allocation, and burden of proof models for statutory claims of discrimination are well established.  The plaintiff has the initial burden of establishing a *prima facie* case by proving, by a preponderance of the evidence, facts which, if not explained, give rise to an inference of unlawful activity on the part of the employer.  See McDonnell Douglas, 411 U.S. at 802.  This burden is not onerous.  See Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981).  After the plaintiff has established a *prima facie* case of discrimination, the burden of production shifts to the defendant to articulate some legitimate, non-discriminatory reason for the alleged employment action.  See Burdine, 450 U.S. at 253; Furnco Construction Corp. v. Waters, 438 U.S. 567, 577 (1978); McDonnell Douglas, 411 U.S. at 802; Wrenn v. Gould, 808 F.2d 493 (6th Cir. 1987).  The burden of persuasion, however, remains at all times upon the plaintiff.  See Burdine, 450 U.S. at 256; Haynes v. Miller, 669 F.2d 1125, 1126-27 (6th Cir. 1982).  Accordingly, once the employer meets its burden of going forward, the

6

burden shifts back to the plaintiff to demonstrate, by a preponderance of the evidence,

that defendant's articulated reason for the adverse action is mere pretext.  See Burdine,

450 U.S. at 254-56; McDonnell Douglas, 411 U.S. at 804; Wrenn, 808 F.2d at 501; Henry

v. Lennox Industries, 768 F.2d 746 (6th Cir. 1985).  The Ohio Supreme Court has held

that O.R.C. § 4112.02 is generally to be interpreted in accordance with interpretations of

federal anti-discrimination laws.  See Plumbers & Steamfitters Joint Apprenticeship

Committee v. Ohio Civil Rights Commission, 66 Ohio St.2d 192, 196 (1981).  The same

general standards apply to Title VII claims as apply to ADEA claims.  See Bush v.

Dictaphone Corp., 161 F.3d 363, 368 (6th Cir. 1998).

In order to establish a *prima facie* case of  discriminatory discharge under

Title VII, the ADEA, or O.R.C. § 4112.02, a plaintiff must prove the following:

(1)    that she was a member of the protected class when her employment
        was terminated;

(2)    that her employment was terminated;

(3)    that she was qualified to perform the job from which she was
        dismissed; and

(4)    that she was replaced by a man or, in the case of an age
        discrimination claim, by a substantially younger employee.

See O'Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308, 116 S.Ct. 1307, 1310

(1996); LaGrant v. Gulf & Western Manufacturing Co., Inc., 748 F.2d 1087, 1090 (6th

Cir. 1984)(citing <u>Ackerman v. Diamond Shamrock Corp.</u>, 670 F.2d 66, 69 (6th Cir. 1982)).

When a termination of employment has occurred as part of a reduction in force, the fourth element of the *prima facie* test must be modified.  When a plaintiff's position is eliminated in a reduction in force, the fourth prong of the *prima facie* test is met by presenting "additional direct, circumstantial, or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for impermissible reasons."  <u>Barnes v. GenCorp Inc.</u>, 896 F.2d 1457, 1465 (6th Cir.), <u>cert</u>. <u>denied</u>, 498 U.S. 878 (1990).

The parties in this action agree that the first three elements of the *prima facie* cases of age and sex discrimination are satisfied with respect to the termination of Plaintiff's employment in the July 2003 RIF.  Plaintiff argues that the fourth element is also satisfied.  A careful review of her memorandum reveals that she bases that argument upon the following evidence: (1) a deviation by Defendant from the selection process designed by the outside contractor; (2) inconsistencies between the evaluation of Plaintiff's performance in the context of the RIF selection process and her earlier performance evaluations; (3) the fact that substantially younger female employees and the sole male employee in her classification were retained; (4) the fact that less experienced employees in her classification were retained; and (5) statistical evidence that the RIF adversely affected older employees.

The first two bases are irrelevant to the inquiry into whether Plaintiff can identify "direct, circumstantial, or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for impermissible reasons." Barnes, 896 F.2d at 1465. The deviation from the selection process as designed by the outside contractor to which Plaintiff refers involved the participation of two individuals in the phase of the process in which relevant skills were chosen and weighted as well as the phase in which employees were rated with respect to those skills. While the overlapping participation may have had the effect of allowing those two individuals to disproportionately direct the outcome of the process, none of the evidence cited by Plaintiff suggests that the purpose or the outcome was to discriminate against older employees or women. It is evidence of a deviation but not of discrimination. See, e.g., Cindea v. Jackson Twp., No. 97-3280, 1998 WL 80186, **3 (6th Cir. Feb. 17, 1998) (evidence that a rating system was imperfect, without more, does not create an inference of nefarious motivations).

The inconsistencies between the evaluation of Plaintiff's performance in the selection process and her previous performance evaluations is no more helpful to Plaintiff in proving discrimination. She observes that some of the evaluators were the same individuals who had rated her annually prior to the RIF. She does not, however, identify any evidence of a connection between the inconsistencies and her age or her sex. Again, the evidence suggests, at most, that the selection process was imperfect, but not, without more, that her selection was motivated by her age or her sex.

Plaintiff also points to the ages and genders of the retained employees in her classification to establish the fourth element of the *prima facie* case by circumstantial evidence.  She notes that the sole male employee in her classification was retained along with five significantly younger female employees.  She does not mention the ages of the other retained female employees or of the retained male employee.

Plaintiff's situation vis-a-vis the other employees in her classification is quite similar to that of the plaintiff named Conover in Skalka v. Fernald Environmental Restoration Management Corp., 178 F.3d 414 (6th Cir. 1999), cert. denied, 530 U.S. 1242 (2000).  In Skalka, plaintiff Conover attempted to prove age discrimination by reference to the facts that some younger employees were retained while he was discharged and that the selection process was irrational and carelessly applied.  See id. at 422-23.  The Court of Appeals observed that employees of approximately the same age as, or older than, Mr. Conover had been retained, that he was not the oldest member of the class of employees from which his selection was made, and that he had not identified evidence that the irrational, careless manner of selection was infected by age-related bias.  See id.  Those facts mirror, in all material respects, the evidence in this matter with respect to Plaintiff's age discrimination claims.  The Court is persuaded that Plaintiff's reference to the ages of some of the retained employees in her classification does not advance her age discrimination claims for the reasons the Court of Appeals enunciated with respect to Mr. Conover's claim.  By referring to the fact that the only male employee in the

10

classification was retained, Plaintiff may have established the fourth element of the *prima facie* case of sex discrimination, however.  See Skalka, 178 F.3d at 422.

The Court finds evidence relating to the relative seniority of the employees in Plaintiff's classification to be unsupportive of Plaintiff's claim.  Defendant has introduced uncontroverted evidence that establishes that it did not consider seniority relevant to its selection process.  It focused its evaluation of employees on skills and performance.  Because Plaintiff has not argued that such a focus is inherently discriminatory or that it had the effect of discrimination in the July 2003 RIF, her attempt to establish the fourth element of the *prima facie* case of age and sex discrimination by referring to seniority is unavailing.

Plaintiff has also attempted to satisfy the fourth element of the *prima facie* case of age, but not sex, discrimination by reference to statistical evidence that the July 2003 RIF had an adverse impact on older workers.  The evidence she cites is not what she represents it to be, however.

Plaintiff has identified an adverse impact analysis from June 2003, which considered a preliminary list of employees who might be selected for the July 2003 RIF.  Defendant represents that the list of employees who were actually selected was different, and an expert witness who has analyzed the data relating to the list of employees actually selected for discharge has found no adverse impact.  Plaintiff offers no evidence to the contrary, and her reference to an adverse impact analysis performed on a preliminary list is unhelpful absent evidence that the employees actually selected were those on the

11

preliminary list.  Indeed, Plaintiff has identified the deposition of Darlene Gill in connection with the analysis she cites, yet Ms. Gill specifically testified with respect to that analysis, which was Exhibit 4 to her deposition, that the analysis performed with respect to the list of employees actually selected, Exhibit 5, differed in that employees who voluntarily separated from Defendant's employ were not included.  She further testified that the later analysis showed no adverse impact.

Considering all of the evidence identified by Plaintiff in support of the fourth element of the *prima facie* cases of age and sex discrimination, therefore, the Court concludes that Plaintiff is unable to establish a *prima facie* case of age discrimination. Defendant is entitled to summary judgment with respect to that claim.  Plaintiff may be able to establish a *prima facie* case of sex discrimination by virtue of evidence that she was treated differently in the RIF than the sole male employee in her classification, who was retained.  Accordingly, the burden shifts to Defendant to articulate a legitimate, nondiscriminatory reason for retaining Michael Schroer.  See Burdine, 450 U.S. at 253.

Defendant has stated that it based the selections of employees for the July 2003 RIF upon their rankings by classification as performed pursuant to the process designed by its outside contractor.  It states, and Plaintiff does not deny, that Plaintiff was ranked last in her classification.  Accordingly, Mr. Schroer was ranked higher.  That reason for his retention over Plaintiff constitutes a legitimate, nondiscriminatory reason. The burden is, therefore, upon Plaintiff to identify evidence of pretext.

"There are no hard and fast rules as to . . . what evidence is needed in order to establish pretext."  Rowe v. Cleveland Pneumatic Co., Numerical Control, Inc., 690 F.2d 88, 97 (6th Cir. 1982).  The United States Court of Appeals for the Sixth Circuit has identified three models for proving pretext:

(1)     evidence that the reasons stated by the defendant had no basis in fact;

(2)     evidence that those reasons did not actually motivate the adverse employment action; and

(3)     evidence that those reasons were insufficient to warrant the adverse employment action.

See Manzer v. Diamond Shamrock Chemicals Co., 29 F.3d 1078, 1084 (6th Cir. 1994)(citing McNabola v. Chicago Transit Authority, 10 F.3d 501, 513 (7th Cir. 1993)).  In Kline v. Tennessee Valley Authority, 128 F.3d 337, 346 (6th Cir. 1997), the court clarified that

when the first or third findings of pretext are demonstrated, a court is permitted to infer discrimination from the circumstances.  Thus, when a plaintiff proves that the defendant's proffered reasons either have no basis in fact or are insufficient to motivate [the adverse action], a permissive inference of discrimination arises.

(Citations omitted).  The court distinguished those two situations from the second pretext model identified in Manzer:

13

> the two situations discussed above [are distinguished] from the situation when the reasons offered by the defendant do not actually motivate the [adverse action].  In this situation, the plaintiff admits the factual basis underlying the employer's proffered explanation and further admits that such conduct <u>could</u> motivate [the adverse action].  . . . [I]n this situation, a plaintiff is required to introduce additional evidence of discrimination.

<u>Kline</u>, 128 F.3d at 346 (citations and quotation marks omitted; emphasis in original).  The court stated that, unless the plaintiff offers evidence of the type identified in the first or third <u>Manzer</u> model, the plaintiff must "introduce additional evidence of discrimination" in order to refute the defendant's stated reason for the adverse employment action.  <u>Id</u>.

Plaintiff's pretext argument in this instance is based upon the second model identified in <u>Manzer</u>.  She does not dispute that the ranking produced by the selection process was the reason for her selection.  She contends, however, that the ranking system was manipulated or flawed and that its use was pretext for discrimination.

As evidence of pretext, Plaintiff identifies only the inconsistencies between her earlier evaluations and that performed at the time of the RIF and the previously-discussed deviations from the selection process.[1]  The Court is unpersuaded.

---

[1] Plaintiff has also argued that the retention of less experienced employees and the preliminary statistical analysis addressed above constitute evidence of pretext.  The statistical analysis based upon preliminary data is wholly irrelevant.  The failure of Defendant to consider experience or seniority does not undermine its articulated reason and does not otherwise stand as evidence that sex (or age, for that matter) was a factor in the selection of Plaintiff for discharge in the RIF.

Plaintiff's obligation is not merely to illuminate flaws in the selection process but to identify a basis for an inference that a prohibited factor may have contributed to her selection.  See Skalka, 178 F.3d at 422.  The evidence Plaintiff has identified does not undermine Defendant's articulated reason in any sense or otherwise give rise to even the flimsiest inference that Plaintiff's sex was a factor in her selection for discharge.  The Court is utterly unpersuaded that Plaintiff may be able to prove pretext and, thus, concludes that Defendant is entitled to summary judgment with respect to her sex discrimination claims.

Plaintiff's claim under Ohio common law for wrongful discharge in violation of Ohio public policy is based upon her allegations of age and sex discrimination.  Having concluded that she is unable to prove either age or sex discrimination, the Court further concludes that Plaintiff cannot establish the jeopardy element of the common law claim.  See Collins v. Rizkana, 73 Ohio St.3d 65, 67-68 (1995).  Defendant is entitled to summary judgment with respect to that claim.

2.  Benefit Eligibility Discrimination

Plaintiff's remaining claim is that Defendant terminated her employment in order to prevent her from becoming eligible for early retirement benefits.  She would have become eligible for such benefits had she remained in Defendant's employ for three years beyond the July 2003 RIF.  She bases her claim upon ERISA, 29 U.S.C. § 1140.

The cited provision of ERISA "protects an employee's right to attain future entitlements to retirement benefits free from intentional interference by his employer." Majewski v. Automatic Data Processing, Inc., 274 F.3d 1106, 1113 (6th Cir. 2001).  In order to establish a *prima facie* case under § 1140, a plaintiff must identify evidence suggesting that the employer "had a specific intent to violate ERISA."  Smith v. Ameritech, 129 F.3d 857, 865 (6th Cir. 1997).  A plaintiff may do so by identifying direct evidence of specific intent or by establishing a *prima facie* case "'by showing the existence of (1) prohibited employer conduct (2) taken for the purpose of interfering (3) with the attainment of any right to which the employee may become entitled.'" Majewski, 274 F.3d at 1113-14 (quoting Smith, supra).

Plaintiff Soliday contends that she can establish her claim under ERISA by direct evidence in the form of a list of employees with ages and retirement eligibility status data.  Plaintiff argues that the mere existence of this list is evidence that Defendant considered retirement eligibility status in making its RIF decisions.  Her argument in that regard is undermined by several salient facts.

The Court first observes that the list was prepared in March 2002, some 16 months and two RIFs prior to Plaintiff's discharge.  Nothing on the face of the list suggests that it was connected to RIF selections in any fashion.  The list does not include any reference to retirement eligibility.  It merely sets out ages and years of service. Plaintiff has not identified any evidence relating to the list, its existence, or its use.  It

16

does not, for those reasons, constitute direct evidence of specific intent on Defendant's part to violate ERISA by terminating Plaintiff's employment.

The list also fails as indirect evidence in support of the *prima facie* case of benefits eligibility discrimination. Plaintiff's name does not appear on the list. Michael Schroer's name does appear. In the RIF selection, however, Mr. Schroer was retained, while Plaintiff was not. Mr. Schroer was, apparently, one year closer to early retirement eligibility than was Plaintiff. He was 52 years of age at the time the list was prepared, while Plaintiff was 51. That fact rebuts any inference of discriminatory animus to which the existence of the list might give rise.

Plaintiff is left, then, with only the evidence that she was three years from early retirement eligibility when Defendant selected her for discharge. Close temporal proximity has sometimes been permitted to make out a *prima facie* case of ERISA discrimination. See, e.g., Humphreys v. Bellaire Corp., 966 F.2d 1037, 1043-44 (6th Cir. 1992) (holding that plaintiff had made out a "bare minimum," circumstantial *prima facie* case by showing that his employer discharged him within two months of his pension vesting date). A gap of three years, absent "additional, highly probative facts that suggest intentional discrimination," is too great to be the basis of a *prima facie* case, however. See Petrus v. Lucent Technologies, Inc., 102 Fed. Appx. 969, 971 (6th Cir. 2004) (gap of two years). Because Plaintiff has not identified additional, highly probative facts that suggest intentional discrimination, the Court concludes that she has not made out a *prima facie* case of benefits eligibility discrimination. Even were Plaintiff able to make out a

17

*prima facie* case, she has not identified evidence of pretext, as the Court has previously

determined.  Accordingly, Defendant is entitled to summary judgment with respect to her

claim under ERISA.  See Pennington v. Western Atlas, Inc., 202 F.3d 902, 909-10 (6th

Cir.) (re: applicability of Manzer models for demonstrating pretext), cert. denied, 531

U.S. 826 (2000).

    D.  Conclusion

        For the foregoing reasons, Defendant is entitled to summary judgment with

respect to each of Plaintiff's claims.  Its motion (Doc. 15) is, therefore, hereby

**GRANTED**, and this action is **CLOSED**.

        **IT IS SO ORDERED.**

                _____/s/_____
                Sandra S. Beckwith, Chief Judge
                United States District Court